### M. T. HUTCHINSON v. CATHERINE A. McCARRON ET AL.

EQUITABLE LIENS OF MINORS FOR THEIR FUNDS INVESTED BY GUARDIAN INFERIOR TO THAT OF MORTGAGEE FOR DEFERRED PAYMENTS.

A vendor sold property to a guardian who purchased with the money of his wards, by order of court, but by request of the vendor, he knowing the character of the investment, the deed was executed to the guardian individually, and he gave his personal notes and mortgage for the balance of the purchase money. The guardian and his wife subsequently made a deed to the children, but it was not delivered. Afterwards the guardian conveyed the land to his wife, and she made an assignment for the benefit of creditors. The assignee commenced proceedings to sell the lands to pay the liens thereon, making the wards, the mortgagee, and the persons to whom he had previously assigned the mortgage parties. The minors set up an equitable lien, superior to that of the mortgage. *Held,*

1. As against the purchaser of the land the wards had an equitable lien for the purchase money they paid on the land, and to those persons who afterwards acquired title to or an interest in the land from him, with knowledge of the facts.

2. But the purchase money mortgage given by the guardian, was a first lien in favor of the mortgagee and the purchasers of it, whether they had knowledge of the claim of the minors or not, the same as it would have been, had the guardian given notes binding the estate of the wards for the deferred payments.

ERROR to the Court of Common Pleas of Warren county.

SMITH, J.

We are of the opinion that the judgment of the court of common pleas was right, and should be affirmed.

The controversy arose over the distribution of the proceeds of a tract of land sold by Hutchinson, assignee of Mrs. McCarron, to pay the liens thereon. It appears from the finding of facts that this real estate had been sold and conveyed by Levi Mills, as assignee for the benefit of creditors of Mrs. Hyatt, to James T. McCarron for $5,500. Mr. McCarron paid $1,500 in cash and gave notes for the residue secured by a mortgage on the real estate, which was duly recorded. Afterwards he paid $500 on one of the notes, and subsequently to this payment, Mills transferred the notes, indorsing them without recourse to different persons, they paying full value therefor and taking them without any knowledge of an equity in the land or those notes of any other person than the mortgagee.

Before McCarron contracted to buy the land from Mills, he had been appointed as the legal guardian of Ruth, Henrietta and Frank McCarron by the probate court of Brown county, Ohio, and had been by that court authorized and empowered to use $2,000 of his wards' money in the purchase of real estate, the title to which was to be taken to said James T. McCarron as guardian, and Mills had been advised of those facts. McCarron wanted to buy this land as guardian, but Mills would not make such an arrangement, but told him he could buy it in his own name—make the cash payment and execute the notes and mortgage for the deferred payments, and then convey the property to the children.

This course was pursued, and McCarron executed the notes and mortgage and paid $2,000 of his wards' money to Mills on account of the purchase money, and Mills knew that the money was in McCarron's hands as guardian of said minors. He, (McCarron) and his wife, subsequently executed a deed for the land to the children, but it was not delivered to them. Afterwards McCarron conveyed the land to his wife, and she made an assignment of her property to Hutchinson for the benefit of her creditors. Hutchinson commenced proceedings for the sale of the real estate to pay the liens thereon, and the mortgagee and his assignees and the minors were made parties and set up their respective liens—the claim of the minors being that they had an equitable claim to the land by virtue of the facts stated, and that Mills knew this when he took his mortgage, and therefore it was superior to his claim on the mortgage, and to that of his assignees. It also appeared that when Mills assigned the notes to the purchasers, he did not at the same time or until some time afterwards indorse and transfer the mortgage itself to his assignees.

As against McCarron himself, unquestionably the minors, by virtue of the facts stated, had an equitable lien on the land which the court would enforce for the purchase money they paid on the land, and the same would be the case, we suppose; as to those persons who afterwards had acquired title to or an interest in the land from McCarron, with knowledge of the facts. But would they be entitled to such relief as against Mills or those to whom he assigned the notes and mortgage? We think not. Suppose the land had been conveyed to McCarron as guardian of these minors, and he had used $2,000 of their money in making the cash payment and given his notes and mortgage for the deferred payments. Would not the mortgage lien be the first and best one on the property? The interest of the minors then would be subject to the mortgage lien for the purchase money—and we think the same rule should apply here and any equitable lien of the minors be postponed to the legal lien of the mortgagee. The execution of the deed and the mortgage is one transaction. McCarron took the land subject to the legal lien of the mortgage, and the equitable lien of the minors was subject thereto, even as against Mills, and therefore as to his assignees to whom he transferred the notes, thereby transferring an interest in the mortgage. But a transfer of the mortgage itself was afterwards made.

Judgment below affirmed.

*Burr & Brandon*, attorneys for McCarron heirs.

*F. M. Clevinger*, attorney for the assignees of mortgage claims.